CANAN v. CARRYELL, ADMINISTRATOR OF ELY

1. In proceedings under the attachment law against garnishee, no writ of inquiry had issued to ascertain the sum due to plaintiff, and a *fi. fa.* subsequently issued against goods and lands of garnishee on a judgment obtained against his administrator; the *fi. fa.* was set aside for irregularity.

2. The heir whose property was affected by the *fi. fa.* is competent to move the court to set it aside, though no party to the suit.

An attachment had been sued out in the year 1774, against one Hutchinson, an absconding debtor, under the act of December 16th, 1748. *Allison's Laws of N. J.*, 172. In 1775 the auditors reported £19 17*s.* 1*d.* due to plaintiff from Hutchinson. Proceedings were afterwards had against Ely, the garnishee, but no inquisition had been taken, as directed by the seventh section of the act, to ascertain the precise sum due. After Ely's death a *sci. fa.* issued against Carryell, his administrator, to revive the judgment, upon which *sci. fa.* judgment was rendered for the plaintiff, in November, 1789, and a *fi. fa.* was sued out against the goods and lands of Ely, for the amount of the sum due on the judgment originally obtained against Hutchinson.

This was an application to the court by the heir of Ely, whose property was affected by the execution, to have it set aside for irregularity.

The court, after a hearing, held the execution irregular, and set it aside. They held, also, that as the property of the heir was or might be affected by this execution, it was competent for him to make this application.

CITED *in Reed* v. *Bainbridge,* 1 *South.* 354; *Barrow* v. *Bispham,* 6 *Halst.* 140; *Sloan* v. *Somers,* 2 *Gr.* 512.